IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| KAREN GEORGE, | : | BANKR. NO. 13-20185REF |
| Debtor | : | |
| In re: | : | Chapter 13 |
| KAREN GEORGE, | : | BANKR. NO. 14-11448REF |
| Debtor | : | |
| In re: | : | Chapter 11 |
| CROHEL, INC., | : | BANKR. NO. 15-17613REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| HENRY NATHANIEL SMITH, III, | : | BANKR. NO. 16-10397REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| MARGUERITE M. RUSYN, | : | BANKR. NO. 16-10755REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| ZYVETTE ALVARADO, | : | BANKR. NO. 16-13259REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| BEATRIZ PENA, | : | BANKR. NO. 16-14189REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| MIGUEL AMARO, | : | BANKR. NO. 16-14857REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| CARLOS GONZALEZ, | : | BANKR. NO. 16-15181REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| RANDALL COINE, | : | BANKR. NO. 16-15569REF |
| Debtor | : | |
| In re: | : | CHAPTER 13 |
| THOMAS CUSHING, | : | BANKR. NO. 16-15570REF |
| Debtor | : | |

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| SALVATORE RIZZO, JR., | : | BANKR. NO. 16-15571REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| ERIC SIMMONS, | : | BANKR. NO. 16-15572REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| DOLORES YENIK, | : | BANKR. NO. 16-17118REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| WILLIAM F. ROBERTS, JR., | : | BANKR. NO. 16-17119REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| CRAIG A. BOWES, | : | BANKR. NO. 16-17586REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| RANDALL COINE, | : | BANKR. NO. 16-17887REF |
|                 Debtor | : | |
| In re: | : | CHAPTER 13 |
| GRULLON KELVIS, | : | BANKR. NO. 17-12008REF |
|                 Debtor | : | |

# **ORDER**

AND NOW, this 24 day of May, 2017, upon my consideration of both (i) my order, dated September 14, 2016, to show cause why all fees received by Matthew T. Croslis, Esquire ("Croslis") should not be disgorged (the "Show Cause Order") and (ii) the UST Motion filed by the United States Trustee on March 24, 2017, and upon my discussion of the actions and inactions of attorney

2

Croslis and upon my discussion of the law in the Memorandum Opinion of even date herewith,

IT IS HEREBY ORDERED that the UST Motion is GRANTED as set forth below.

IT IS FURTHER ORDERED that on or before July 26, 2017, Croslis shall file in each of the above cases,[1] and simultaneously deliver copies to the UST, accountings (in the form of expanded, comprehensive applications for fees pursuant to L.B.F. 2016-2B) of all money he or his firm (a) charged to his clients, (b) received from or was promised by his clients, and (c) earned by Croslis or his firm, which accounting shall include full, itemized descriptions of: (A) All tasks performed (whether for bankruptcy or for other, e.g., mortgage, tasks) for each client; (B) the date and time for each task performed for each client by an attorney, paralegal, or anyone from his firm or office; (C) the written fee statement he or his law firm had with each of his clients; and (D) an explanation whether he or his firm (i) took all payments that he or his firm received immediately as fees or (ii) held all or some payments in an attorney's escrow account, and if the latter, the history and current status and balance of all such payments deposited into an escrow account.

---

[1]    Other than In re Crohel, Inc., No. 15-17613.

IT IS FURTHER ORDERED that, on or before July 26, 2017, Croslis shall file in each of the above cases[2] and simultaneously deliver copies to the UST, certifications that either he or his clients have retained the services of replacement counsel to represent them in their bankruptcies (whether by resuming any of the above cases or by filing new cases) and in every such case, Croslis shall identify the amount charged by each replacement counsel, who is responsible for paying the fee of replacement counsel, and all funds that Croslis or his firm have paid or have promised to pay to such replacement counsel.

IT IS FURTHER ORDERED that Croslis shall contact his former clients who do not have new counsel in these cases to assist them in obtaining new counsel and shall file certifications of all such contacts and their results with the Court on or before June 9, 2017.

IT IS FURTHER ORDERED that I will deny all applications for fees as and when filed by Croslis in each of the above cases, whether filed pursuant to this Order[3] or otherwise.

IT IS FURTHER ORDERED that Croslis shall disgorge and refund to his clients all fees paid to him or his firm by any of his clients in all of the

---

[2]   Other than In re Crohel, Inc., No. 15-17613.
[3]   This provision of this Order does not obviate Croslis' obligation, as stated above, to file enhanced, comprehensive fee applications as, when, and how described and required above in this Order.

above-captioned cases and shall file a case-by-case certification of such disgorgement with the Court and simultaneously deliver a copy to the UST on or before June 23, 2017.

IT IS FURTHER ORDERED that I hereby enjoin Croslis from any further violation of Sections 526 and 1307(c) of the Bankruptcy Code.

IT IS FURTHER ORDERED that Croslis is hereby directed to pay into the Court, on or before June 16, 2017, a sanction/civil penalty of $1,600 (calculated as $100 per case, not including In re Crohel and In re Pena) for his violations of the Bankruptcy Code, his actions in deliberately and improperly delaying state court litigation or sheriff's sales, his actions in bad faith, and his contemptuous disregard of this Court by his misrepresentations, his failure to file all required documents, and his failure to appear at hearings.[4]

IT IS FURTHER ORDERED that Croslis shall pay damages to Ms. Marguerite Ruslyn in the amount of $60 and shall file a certification of having done so with this Court, on or before June 9, 2017.

IT IS FURTHER ORDERED that the existing termination of Croslis' privilege to use the CM/ECF system in the U.S. Bankruptcy Court for

---

[4] The sanctions/civil penalties paid into the Court by this paragraph shall be distributed by the Court as follows: One-half to the Bar Association of Lehigh County and one-half to the Berks County Bar Association to sponsor continuing legal education seminars relating to ethics and bankruptcy.

5

the Eastern District of Pennsylvania, shall continue in effect until six months after Croslis establishes to my satisfaction that he has performed all tasks and payments imposed by this Order.

IT IS FURTHER ORDERED that for every day that Croslis is late in performing each of the tasks and payments imposed by this Order, I hereby impose on him a further, anticipatory[5] sanction of $160 per day to be paid into the Court, beginning on July 28, 2017.[6]

---

[5]    Although I decree this to be an "anticipatory sanction," I hope that I need not impose further sanctions and that Croslis satisfies each provision of this Order.
[6]    This non-compliance sanction, if invoked, shall apply to each paragraph's requirements. That is, if Croslis fails to perform any of the tasks and payments of this Order, he shall be obliged to pay the additional sanction of $160/day for each task or payment is defaulted.

6

IT IS FURTHER ORDERED that I shall hold a hearing[7] to consider, inter alia, Croslis' successful performance of the tasks described above, which hearing shall be held at the following place, date, and time:

**United States Bankruptcy Court - Courtroom #1**
**The Madison – Third Floor**
**Fourth and Washington Streets**
**Reading, PA 19601**
**on Thursday, July 27, 2017, at 11:00 A.M., prevailing time.**

BY THE COURT

_____
Richard E. Fehling
U.S. Bankruptcy Judge

---

[7] This hearing will constitute a continued hearing from those scheduled on March 23 and April 27, 2017, on the UST Motion and my Show Cause Order. The scheduling of this hearing does not relieve Croslis of the present obligation to perform all of the tasks and make all of the payments set forth above.

7